SOFTBANK CONTENT SERVICES INC., a Delaware corporation,
Plaintiff–Appellee,

v.

MPO CANADA INC., a Canadian corporation, Defendant,

and

Transcontinental Inc, Judgement Debtor–Appellant,

Softbank Content Services Inc.,
a Delaware corporation,
Plaintiff–Appellee,

v.

MPO Canada Inc., a Canadian
corporation, Defendant,

and

Transcontinental Inc, Judgement
Debtor–Appellant.

Nos. 04–17129, 05–17297.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 18, 2006.

Filed March 22, 2007.

Michael H. Steinberg, Esq., Adam S. Paris, Esq., Sullivan & Cromwell LLP, Los Angeles, CA, for Plaintiff–Appellee.

Christine E. Stephens, Esq., Thelen Reid & Priest LLP, San Jose, CA, for Defendant.

Keith Slenkovich, Esq., Thelen Reid & Priest LLP, San Jose, CA, for Defendant/Judgement Debtor–Appellant.

Daniel J. Muller, Esq., Thelen Reid & Priest LLP, San Jose, CA, for Debtor–Appellant.

Before: WALLACE, KLEINFELD, and BYBEE, Circuit Judges.

---

## MEMORANDUM *

■ We review the choice of law determination de novo.[1] The district court was sitting in diversity in California and thus correctly recognized it was bound to follow California's choice of law rules.[2] The guarantee provided for application of California law, so if Transcontinental was the alter-ego of MPO Canada, as the district court concluded, then both firms committed themselves to application of California law.

■ Application of California substantive law was correct. California's governmental interest in preventing abuse of the corporate form to accomplish fraud exceeds any interest to the contrary in this case.

■ The district court's factual findings were not clearly erroneous.[3] MPO Canada did indeed place all of its assets beyond Softbank's reach, as the district court recognized, partly by sale of shares in Americ Disc, and partly by encumbering the remaining shares with a lien. Transcontinental's remaining rights in the shares enabled it to preserve its investment interest unburdened by the Softbank liability, by evading the Softbank judgment. Especially persuasive is the fact that MPO Canada had no directors of its own and was run entirely by Transcontinental and MPO SA at the time of the reorganization, and that the reorganization was accomplished just in time to evade Softbank's judgment—the timing of which Transcontinental also controlled. A member of the new board of

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. See *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 939 (9th Cir.2003), amended by 350 F.3d 916 (9th Cir.2003).

2. See *Arno v. Club Med, Inc.*, 22 F.3d 1464, 1467 (9th Cir.1994); *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). Moreover, under F.R.C.P 69(a), courts must amend a judgment-debtor consistent with state practice and procedure.

3. See, e.g., *McClaran v. Plastic Industries, Inc.*, 97 F.3d 347, 358 (9th Cir.1996).

Americ Disc stated that the transaction was structured to avoid involvement in MPO's dispute with Softbank.

■ The district court did not abuse its discretion[4] in admitting the testimony of Softbank's financial expert. There was nothing so esoteric about Canadian accounting principles as to make him incompetent to apply his experience and judgment to the value of a Canadian company. Although book value may have exceeded fair market value, that bore on the persuasiveness rather than the admissibility of his testimony.

■ With regards to Transcontinental's motion to strike, we grant it with regard to materials not before the district court below, but deny it in all other respects. We note, however, that the presence or absence of the material that was the subject of the motion would make no difference to the disposition of this case. We deny the Transcontinental motion for sanctions.

■ As for attorney's fees, they were made recoverable by the guarantee. The district court was correct in applying California law "in determining not only the right to fees, but also in the method of calculating the fees."[5] California law does not require the use of the lodestar figure in a case where fees are awarded by contractual obligation,[6] so the district court was not required to do so here. California law provides considerable discretion to trial courts in the awarding of fees, and appellate review is for abuse of discretion.[7]

■ Evidence in the record supports the district court's exercise of its discretion. To begin with, the fees awarded ($1,286,750) are only about 24% of the $5,235,885.31 judgment (approved costs and expenses raised the total award to $1,585,704.77). The transactions involved were of tremendous complexity, the record is voluminous, and the litigation was long and heated. The district court observed firsthand Transcontinental's litigation tactics, which contributed greatly to Softbank's litigation costs. Preparing Softbank's case involved hiring outside experts and foreign attorneys, and required the translation of numerous critical documents from French on extremely short notice. As for the $364,260, the prevailing party's lawyer may have been willing to give his own clients a break on the fee, but this does not show that the fee was illegitimate or that the district court abused its discretion.

We AFFIRM the district court's order amending the order of judgment and its order granting Softbank's motion for attorney's fees. Costs are awarded in favor of Softbank and against Transcontinental.

AFFIRMED.

---

4. See *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 142, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

5. *Mangold v. Cal. Pub. Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir.1995).

6. *Montgomery v. Bio–Med Specialties*, 183 Cal. App.3d 1292, 228 Cal.Rptr. 709, 711 (1986).

7. *PLCM Group v. Drexler*, 22 Cal.4th 1084, 95 Cal.Rptr.2d 198, 997 P.2d 511, 519 (2000).